## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DONELLE PIGOTT**

**VERSUS**

**SOCIAL SECURITY ADMINISTRATION**

**CIVIL ACTION**

**NUMBER: 21-1702**

**SECTION: "B"(5)**

### REPORT AND RECOMMENDATION

Plaintiff Donelle Pigott filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying in part his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and the issues are thus ripe for review. For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's cross-motion be **GRANTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND

Plaintiff filed his application for DIB on May 17, 2019, alleging a disability onset date of April 11, 2019. (Adm. Rec. at 72, 74-75). Plaintiff later amended his onset date to December 1, 2018. (*Id.* at 14). Plaintiff alleged disability due to lumbar radiculopathy, spinal stenosis, borderline intellectual functioning, depression, antisocial personality, and lumbar facet disease. (*Id.* at 74). Plaintiff, born on November 20, 1964, was 55 years old on the date on which he alleged disability and on the date that he filed his application. (*Id.*). Plaintiff has an eighth-grade education, (*id.* at 229), and he has past work experience as a janitor and a greenhouse delivery driver. (*Id.* at 230).

Defendant initially denied Plaintiff's application on September 27, 2019. (*Id.* at 125-29). Plaintiff sought an administrative hearing, which took place on October 19, 2020. (*Id.* at 25-71). Plaintiff and a vocational expert ("VE"), Thomas Mungall, testified at the hearing.

On December 29, 2020, the ALJ issued a decision concluding that Plaintiff was not disabled <u>before</u> November 20, 2019 but became disabled after that date. (*Id*. at 11-20). In the decision, the ALJ concluded that Plaintiff has the severe impairment of disorders of the spine. (*Id.* at 14). The ALJ ultimately held, however, that between December 1, 2018 (the amended onset date) and November 20, 2019, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled a listed impairment under the regulations. (*Id.* at 15). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work activity as defined in 20 C.F.R. § 404.1567(b). (*Id.* at 16).

On November 20, 2019, Plaintiff turned 55 years old and entered the "advanced age" category for SSA's Medical-Vocational Guidelines ("Grid Rules"). (*Id.* at 19). After November 20, 2019, the ALJ concluded that there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ thus concluded that Plaintiff was disabled from November 20, 2019 through the date of the decision. (*Id.* at 19-20).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he was not disabled before November 20, 2019. On July 19, 2021, the Appeals Council denied Plaintiff's appeal. (*Id.* at 1-4). Plaintiff then timely filed this civil action.

II.     **STANDARD OF REVIEW**

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey*, 230 F.3d at 135. Any of the Commissioner's findings of fact that are

3

supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, Plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable to do not only previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work that exists in significant volume in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step

procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any
> substantial gainful activity by reason of any medically determinable physical
> or mental impairment which can be expected to result in death or which has
> lasted or can be expected to last for a continuous period of not less than 12
> months."  To determine whether a claimant is disabled, and thus entitled to
> disability benefits, a five-step analysis is employed.  First, the claimant must
> not be presently working at any substantial gainful activity.  Second, the
> claimant must have an impairment or combination of impairments that are
> severe.  An impairment or combination of impairments is "severe" if it
> "significantly limits [a claimant's] physical or mental ability to do basic work
> activities."   Third, the claimant's impairment must meet or equal an
> impairment listed in the appendix to the regulations.  Fourth, the impairment
> must prevent the claimant from returning to his past relevant work.  Fifth, the
> impairment must prevent the claimant from doing any relevant work,
> considering the claimant's residual functional capacity, age, education and
> past work experience.  At steps one through four, the burden of proof rests
> upon the claimant to show he is disabled.  If the claimant acquits this
> responsibility, at step five the burden shifts to the Commissioner to show that
> there is other gainful employment the claimant is capable of performing in
> spite of his existing impairments.  If the Commissioner meets this burden, the
> claimant must then prove he in fact cannot perform the alternate work.

*Id.* at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)).   If the ALJ

determines that a Plaintiff is not disabled under Step V of the five-part test, the Commissioner

must establish that the claimant has a "residual functional capacity," given the claimant's age,

education, and past work experience, to perform other work available in the national

economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the

Commissioner to use the medical-vocational guidelines to make a disability determination.

*Id.*

The four elements of proof weighed to determine whether evidence of disability is

substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and

examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.   ISSUE ON APPEAL

There is one issue on appeal:

(1)    Whether the ALJ failed to follow proper legal procedure by applying an incorrect date as a *res judicata* bar to Plaintiff's alleged onset date.

## V.    ANALYSIS OF THE SOLE ISSUE ON APPEAL

Plaintiff argues that the ALJ erred when he declined to amend Plaintiff's onset date to December 1, 2018. However, the Court finds that this argument is not fully supported by the opinion of the ALJ. It is true that the opinion contains one scrivener's error. While the ALJ concluded that Plaintiff's prior application for Title II benefits resulted in an opinion denying Plaintiff benefits by an ALJ on April 10, 2019, the earlier opinion was actually rendered on August 21, 2018. (Adm. Rec. at 101-15). The Appeals Council then denied Plaintiff's appeal on April 10, 2019. (*Id.* at 117-22).[1] While the date of the ALJ's earlier opinion was admittedly an error by the current ALJ, this error had no bearing on the ALJ's analysis of Plaintiff's medical history. The ALJ stated, "Any discussion of evidence created prior to the adjudication of April 10, 2019, is limited to the purpose of providing a foundation to consider the claimant's persuasiveness regarding current disability status." (*Id.* at 11). And while Plaintiff argues that the ALJ failed to consider favorable evidence before April 10, 2019, he

---

[1] The ALJ's harmless error is thus a distinction without a difference because the Appeals Council ended Plaintiff's first lawsuit against the SSA on April 10, 2019, thus closing the case and rendering it a final judgment.

fails to cite the Court to any such favorable evidence. Indeed, the ALJ even considered evidence dated as early as 2016. (*Id.* at 24). The ALJ also recognized the amended onset date of December 1, 2018 throughout his findings of fact and conclusions of law, thus recognizing said onset date in Plaintiff's favor. (*Id.* at 14-18).

Plaintiff asks the Court to disregard the objective medical evidence in the record and rely wholly on his subjective complaints of pain to find that the ALJ erred. It is well-established law that an ALJ may discount a claimant's subjective complaints of pain when there are inconsistencies between the claimant's allegations and the evidence as a whole. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995). In other words, the medical record is the foundation, and subjective symptom complaints must be supported by objective medical evidence. *See* 20 C.F.R. §§ 404.1502, 404.1513. Indeed, subjective complaints of pain **must** be corroborated by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). It is well-settled law that the claimant bears the burden of proving disability by establishing a physical or mental impairment lasting at least twelve months that prevents engagement in any substantial gainful activity. *See* 42 U.S.C. § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Plaintiff does not meet that burden here.

A claimant's subjective pain complaints are not enough, as pain itself is no basis for disability. "Pain constitutes a disabling condition when it is constant, unremitting, and wholly unresponsive to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (internal citations omitted). Here, Plaintiff had successful pain mitigation, which the ALJ considered. (Adm. Rec. at 10-24). "Under our court's precedent, so long as the ALJ gave

due consideration to [claimant's] report of her pain –  and he did – his eventual functional determination was not reversible error." *Garcia v. Colvin*, 622 F. App'x 405, 409 (5th Cir. 2015) (per curiam).  Not all pain is disabling, and subjective evidence need not be credited over conflicting medical evidence. *Anthony v. Sullivan*, 954 F.2d 289, 296 (5th Cir. 1992).  "It is important to note that the test for disability under the Social Security Act is not satisfied merely because Plaintiff cannot work without some pain or discomfort." *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983).  The Court finds that Plaintiff's alleged pain does not meet this standard.

Before the relevant timeframe, Plaintiff had a normal back x-ray in July 2016, (Adm. Rec. at 345), and one MRI in February 2017, (*id.* at 993), which indicated no need for surgery. (*Id.* at 509, 596, 867, 932-33, 965).  But the record reveals no radiology studies performed later during the relevant timeframe.  Indeed, Plaintiff improved via recommended nerve blocks, injections, and physical therapy; he did not have back surgery, and he did not take back pain medication consistently, though he claimed prescriptions helped him and caused no side effects.  (*Id.* at 360, 367, 377, 379, 383, 385, 437, 441, 466, 477, 486-87, 502-03, 508-09, 562, 585, 630-31, 736, 865, 931, 958, 967, 1214, 1221, 1230, 1235); *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990)  (finding that pain that can reasonably be controlled with medication or treatment is not disabling.).   His cane usage was unprescribed and inconsistent.  (*Id.* at 109, 111-12, 247, 335, 772, 895, 931, 1013-14).

Plaintiff had physical therapy but by April 2019, his history of failing to appear amounted to noncompliance.  (*Id.* at 585).  As Plaintiff admits, examinations covering March to November 2018 provided no support for his pain allegations.  (Rec. doc. 23-1 at 6; Adm.

Rec. at 1212-13, 1227).  The ALJ considered the evidence that Plaintiff produced to cover the

timeframe that Plaintiff argues the ALJ overlooked, including Plaintiff's function reports –

dated July 2018 and January 2020 –  which outlined his physical activities.  (*Id.* at 250-57,

295-302).  His function report and disability report reiterated that his medications lacked

side effects.  (*Id.* at 257, 271); *Ward v. Barnhart*, 192 F. App'x 305, 310 (5th Cir. 2006)

(upholding denial of benefits on the ground that, *inter* alia, "[t]he ALJ also noted that the

medical record contains no complaints regarding the side effects of her medication.").  Also

in this timeframe is a disability report from November 26, 2019, which reveals that Plaintiff

had no new or changed medical conditions.  (*Id.* at 266-74), and that he had medications,

injections, and nerve blocks for his lower back.  (*Id.* at 270).  Plaintiff's back condition was

accurately described as largely normal, by Plaintiff's attorney at the hearing and by the ALJ

in the decision, consistent with the evidence in the record.  (*Id.* at 17, 44).  As such, the record

as a whole shows Plaintiff did not meet his burden to produce evidence for pain-based

disability.

Plaintiff contends that the ALJ engaged in an improper assessment of Plaintiff's

"credibility" about his pain and maintains that is the only explanation for why the ALJ found

that he did not meet the regulatory requirements to garner a fully favorable decision.

Nothing in the ALJ's decision suggests use of the superseded credibility analysis. The

"credibility" assessment under Social Security Ruling ("SSR") 96-7p was superseded by SSR

16-3p.  *See* SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017).  Accordingly, for decisions

issued on or after March 28, 2016, ALJs evaluate "symptoms" not "credibility."  *See id.* at *13.

As  discussed  throughout  this  report  and  recommendation,  the  ALJ  assessed  Plaintiff's

symptoms to develop his functional limitations and to apply the appropriate RFC to his abilities.

Under SSR 16-3p, the ALJ must consider factors such as objective medical evidence, consistency of medical evidence with the claimant's allegations, medical source statements, daily activities, the location, duration, frequency, and intensity of symptoms, aggravating or precipitating factors, medication, treatment, and other measures to relieve pain. *See id.*at *7-8. In this case, the Court finds that the ALJ's symptom analysis was consistent with SSR 16-3p and 20 C.F.R. § 404.1529.

The ALJ considered Plaintiff's testimony and his statements to medical providers. (*Id.* at 10-24). The ALJ made it clear that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical and other evidence." (*Id.* at 16). Indeed, the ALJ properly cited to 20 C.F.R. § 404.1529 as well as SSR 16-3p before finding that Plaintiff's subjective allegations lacked consistency with medical and other evidence. (*Id.* at 16-18). This Court must presume that the ALJ followed the appropriate law because "the presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *See United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926). This Court finds that the ALJ followed the appropriate law in this proceeding.

Neither does the objective medical evidence support Plaintiff's argument that the ALJ should have confined him to a sedentary RFC. The Court finds that the evidence of record supports the ALJ's finding of a light RFC for Plaintiff. Plaintiff fed and walked his dogs, drove,

and shopped for a month of groceries at a time. (Adm. Rec. at 16, 47, 52, 56, 60-62, 251-54). Throughout the relevant timeframe, records from 2017 to 2020 reveal that providers advised and "ordered" regular aerobic exercise for 30 minutes daily, such as walking, swimming, tai chi (martial art), and biking to help his back's flexibility and strength. (*Id.* at 111, 340, 350, 355, 365, 443, 468, 478-79, 510, 681, 715, 736, 806, 877, 884, 897, 952, 967, 979, 988, 1005, 1027, 1039, 1049, 1075, 1108, 1160-61, 1170, 1175, 1198, 1216, 1221, 1226). In September 2017, Plaintiff admitted not exercising even though he was informed, "[t]he best thing you can do is to stay as active as possible – even if you are in pain," "[w]alk as much as you can," and "[doctor-ordered] exercises can help you get better faster and might make it less likely that you will have pain again." (*Id.* at 893, 923, 1195). His provider warned him that "risk factors" for back pain included "lack of exercise." (*Id.* at 1013). There is, however, no indication that he later complied with the suggestions of his medical providers to perform the very "exercises that [could] help strengthen [his] back." (*Id.* at 941, 1195). The Court finds that the record simply does not support a sedentary limitation.

Citing Medical-Vocational Rule 201.10, Plaintiff maintains that the ALJ should have limited him to sedentary work. At step three, the ALJ properly considered whether Plaintiff met a listing for listed impairments 1.02 (major dysfunction of a joint(s) due to any cause) and 1.04 (disorders of the spine), and found that these rules were not met, so his analysis continued in subsequent steps in the sequential evaluation. (*Id.* at 15-16); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02, 1.04. Plaintiff argues that had the ALJ considered Medical-Vocational Guidelines ("Grid Rule") 201.10, the ALJ would have found him sedentary, and he would have received a fully favorable benefits decision without further analysis of the

evidence.   But the 201-series grid is only for sedentary work; the 202-series grid applies to light work, and its corresponding Grid Rule for his education and skills demonstrates that such a claimant is not disabled before age 55 (which Plaintiff was not before November 20, 2019).  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 202.10.  Plaintiff's suggestion that he met a sedentary Grid Rule is devoid of argument or support, and he offers no plausible path that would override the ALJ's thorough explanation about his capacity for light work.

The RFC assessment relies on medical and other evidence for support, but it is ultimately an administrative finding reserved to the Commissioner, not a physician.  20 C.F.R. §§ 404.1527, 404.1546(c); *see Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012).  It is the ALJ's role to "interpret" the medical evidence to determine capacity to work.  *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (per curiam).  "[E]xperienced ALJs can draw their own conclusions [as to disability status] based on accurate medical information." *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018).  The Court finds that the ALJ fulfilled this role.  The ALJ may "properly interpret[] the medical evidence to determine [a claimant's] capacity for work."  *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012).  By properly evaluating the evidence, the ALJ met his duty.

Plaintiff essentially asks the Court to reweigh the evidence, which it cannot do, even if it believes the evidence weighs against the Commissioner's decision.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).  Ultimately, while Plaintiff disagrees with the ALJ's assessment, there is ample evidence to affirm it given the deferential standard of review.  Because substantial evidence supports the ALJ's decision, this Court recommends it be affirmed.

## VI.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's cross-motion be **GRANTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 29th day of _____June_____, 2022

_____

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.