UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONELLE PIGOTT** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 21-1702** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "B"(5)** |

### ORDER & REASONS

Before the Court are the Magistrate Judge's Report and Recommendation and petitioner Donelle Pigott's objections to same. (Rec. Docs. 26, 27). For the reasons discussed below,

**IT IS ORDERED** that petitioner's objections are **OVERRULED** and the report and recommendation are **ADOPTED as the opinion of the Court; and**

**IT IS FURTHER ORDERED** that the petition under 42 U. S. C. § 405(g), appealing the final decision of the Commissioner of the Social Security Administration is **DISMISSED WITH PREJUDICE.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Donelle Pigott filed an application for Disability Insurance Benefits ("DIB") on May 17, 2019, alleging a disability onset date of April 11, 2019. Rec. Doc. 26 at 1. He later amended his onset date to December 1, 2018. *Id.*

Petitioner alleged disability due to lumbar radiculopathy, spinal stenosis, borderline intellectual functioning, depression, antisocial personality, and lumbar facet disease. *Id.* In medical exams in March, September and November of 2018, petitioner's

complaints were unfounded. Rec. Doc. 27 at 2. On December 17, 2018, a medical exam found weakness in his right lower extremity ("RLE"), as well as tenderness to palpation, palpable muscle spasms, and a positive straight leg raise ("SLRT"). *Id.* Shortly after this diagnosis, petitioner began treatment with a pain management specialist per the suggestion of the surgeon at United Medical Center ("UMC"). *Id.* at 2-3. He was eventually referred to physical therapy and those exams revealed a positive right SLRT, severely limited range of motion ("ROM") in flexion and extension, and motor weakness in the lower extremities with limited flexibility. *Id.* at 3.

Petitioner was 55 years old on the date he alleged disability and filed his application. Rec. Doc. 26 at 1. He has an eighth-grade education and past work experience as a janitor and a greenhouse delivery driver. *Id.*

Respondent Commissioner denied the application for DIB on September 27, 2019. *Id.* at 2. Petitioner sought an administrative hearing, which took place on October 19, 2020. *Id.* He and a vocational expert, Thomas Mungall, testified at the hearing. *Id.*

On December 29, 2020, the Administrative Law Judge ("ALJ") issued a decision concluding that petitioner was not disabled before November 20, 2019 but became disabled after that date. *Id.* In the decision, the ALJ concluded that petitioner has severe spinal disorders. *See id.* However, the ALJ found that between

December 1, 2018 (the amended onset date), and November 20, 2019, petitioner did not have an impairment or a combination of impairments that met, or medically equaled a listed impairment under the regulations. *Id.* The ALJ determined that petitioner retained the residual functional capacity ("RFC") to perform the full range of light work activity as defined in 20 C.F.R. § 404.1567(b).[1]

Petitioner asked the Appeals Council to review the ALJ's conclusion that he was not disabled before November 20, 2019. *Id.* On July 19, 2021, the Appeals Council denied his appeal. *Id.*

Petitioner timely filed this action for § 405(g) review of the final decision of the commissioner that denied in part his claim for DIB under Title II of the Act. *Id.* The matter was fully briefed on cross-motions for summary judgment. *Id*. In the report and recommendation, the magistrate judge recommended that petitioner's motion for summary judgment be denied, respondent's cross-motion be granted, and the case be dismissed with prejudice. *Id.*

There was only one issue on appeal: whether the ALJ failed to follow proper legal procedure by applying an incorrect date as a *res judicata* bar to petitioner's alleged onset date. *Id.* at 6.

---

[1] *Id.* On November 20, 2019, petitioner turned 55 years old and entered the "advanced age" category for SSA's Medical-Vocational Guidelines ("Grid Rules"). *Id.* After November 20, 2019, the ALJ concluded that there are no jobs that exist in significant numbers in the national economy that petitioner can perform. *Id.* The ALJ thus concluded that petitioner was disabled from November 20, 2019 through the date of the decision. *Id.*

Initially, the magistrate judge rejected the argument that the ALJ erred by declining to amend petitioner's onset date to December 1, 2018. *Id.* at 6-7. The magistrate judge found this argument was not fully supported by the opinion of the ALJ. *Id.* at 6. The magistrate judge concluded that the ALJ's opinion contained "one scrivener's error." *Id.* However, the magistrate judge noted that while the date of the ALJ's earlier opinion on petitioner's prior application was an error by the current ALJ, this error had no bearing on the ALJ's analysis of petitioner's medical history. *Id.*

Next, the magistrate judge rejected petitioner's argument that the ALJ failed to consider favorable evidence before April 10, 2019. *Id.* at 6-7. The magistrate judge dispensed with this argument by noting petitioner "fails to cite the Court to any such favorable evidence." *Id.* Also, the magistrate judge pointed out that the ALJ considered evidence dated as early as 2016 and recognized the amended onset date of December 1, 2018 throughout his findings of facts and conclusions of law. *Id.* at 7.

The magistrate judge also rejected petitioner's contention that the ALJ engaged in an improper assessment of Petitioner's credibility about his pain. *Id.* at 7-10. The magistrate judge stated that it is well-established law that an ALJ may discount a claimant's subjective complaints of pain when there are inconsistencies between the claimant's allegations and the

evidence as a whole. *Id.* at 7 (citing *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995)). The magistrate judge found that the ALJ did consider the evidence that petitioner argued the ALJ overlooked, but that the record as a whole showed petitioner did not meet his burden to produce evidence for pain-based disability as there were inconsistencies between the claimant's allegations and the evidence as a whole. *Id.* at 8-10.

Finally, the court rejected the petitioner's argument that the ALJ should have confined him to a sedentary residual functional capacity ("RFC"). *Id.* at 10-11. The magistrate judge concluded that the objective medical evidence did not support this argument. *Id.* The court found that the evidence of record supported the ALJ's finding of a light RFC for petitioner because of petitioner's apparent ability to do several activities, like walking, driving, and shopping, and because of medical providers' advisement to regularly exercise. *Id.* Afterwards, petitioner made a timely objection to the magistrate judge's report and recommendation. Rec. Doc. 27; 28 U.S.C. § 636(b)(1).

## LAW AND ANALYSIS

### A. Standard of Review

The District Court may refer dispositive matters to a magistrate judge, who then issues a report and recommendation. 28 U.S.C. § 636. A petitioner may file an objection to the report and recommendation within fourteen days. *Id.*

If a petitioner makes a timely objection to a magistrate judge's findings and recommendation, then the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**B. Entitlement to Benefits under the Social Security Act**

To be considered disabled and eligible for disability benefits under the Social Security Act (the "Act"), petitioner must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him,

or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). The commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. *See* 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920.

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Act:

> First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience.

*Id.* at 594 (alternations in original) (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)). If claimant proves his disability under the first four prongs of the five-prong test, the commissioner must then establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the

national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step five also requires the commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: "(1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [claimant's] age, education, and work history." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). However, the district court may not reweigh the evidence or try issues de novo. *Id.* (citing *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985)). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.* (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### C. Petitioner's objections should be overruled because neither the Administrative Law Judge nor the Magistrate Judge erred in their decisions.

Petitioner's objections do not pass muster and thus do not require remand to the commissioner. Neither the magistrate judge nor the ALJ erred in their respective decisions considering the denial of the petitioner's motion to amend his onset date because any error for failing to recognize the amended onset date is harmless as the analyses included the amended date. Additionally,

the ALJ properly weighed the evidence petitioner argues it misrepresented or failed to consider because the record shows that the ALJ did accurately consider the evidence in its decision.

### 1. Whether the magistrate judge erred in excusing the ALJ's procedural error

Regarding petitioner's first argument, neither the magistrate judge nor the ALJ erred in their respective decisions considering the denial of the petitioner's motion to amend his onset date because any error for failing to recognize the amended onset date is harmless as the analyses included the amended date. Under the harmless error rule, the "court will not vacate a judgment unless the substantial rights of a party have been affected." *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cur. 1989) (internal quotations omitted) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). "[P]rocedural improprieties . . . constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

In *Williams v. Colvin*, the petitioner filed applications for disability insurance and supplemental security income benefits, alleging that as of September 1, 2010, he was disabled and no longer able to work. *Williams v. Colvin*, 14-629-BAJ-EWD, 2016 WL 1171003, at *1 (M.D. La. March 4, 2016). Petitioner later amended his alleged onset date to December 1, 2010. *Id.* at n.2. While the

petitioner did not raise an issue with the ALJ and the Appeals Council's use or discussion of the original alleged onset date, the magistrate judge's report stated, "[r]egardless, any error for failing to recognize the amended onset date is harmless because the analyses include the amended date." *Id.* The magistrate judge recommended that the final decision of the commissioner, denying the applications for disability insurance benefits, be affirmed and petitioner's action be dismissed. *Id.* at *9.

Here, like in *Williams*, any error for failing to allow petitioner to amend his alleged onset date is harmless because the ALJ's analyses included the amended date of December 1, 2018. The ALJ acknowledged petitioner's amended onset date anyway in their holding that "since *the amended alleged onset date, December 1, 2018*, the claimant has the residual functional capacity to perform the full range of light work[.]" Rec. Doc. 12 at 20 (emphasis added). Additionally, the ALJ considered medical evidence of a 2017 MRI, which found issues with petitioner's lumbar spine *Id.* at 20-21. Therefore, any error for failing to grant petitioner's motion to amend his alleged onset date is harmless and remand is not required.

### 2. Whether the ALJ misrepresented or neglected relevant evidence

Finally, the ALJ properly weighed the evidence petitioner argues it misrepresented or failed to consider. The record shows

that the ALJ accurately considered the evidence stemming from petitioner's treatment with a pain management specialist and his later physical therapy exams. *Id.* at 8.

An RFC assessment relies on medical and other evidence for support, but it is ultimately an administrative finding reserved to the commissioner, not a physician. *See* 20 C.F.R. §§ 404.1527, 404.1546(c); *see also Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) ("[T]he determination of residual functional capacity is the sole responsibility of the ALJ."). It is the ALJ's role to interpret the medical evidence to determine capacity to work. *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (per curiam). "[E]xperienced ALJs can draw their own conclusions [as to disability status] based on accurate medical information." *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018).

While the ALJ's interpretation of the entire record did not result in a favorable ruling for the petitioner, the ALJ nonetheless properly considered petitioner's treatment with a pain management specialist and his later physical therapy exams. In its decision, the ALJ wrote, "[f]rom April 2019 through July 2019, the claimant attended physical therapy sessions and sought treatment from other providers at the University Medical Center for his reported symptoms of lower back pain and spondylosis." Rec. Doc. 12 at 21. This is the evidence which petitioner refers and which the ALJ used to conclude that the petitioner exhibited "normal

physical and mental examination findings," and that the petitioner "consistently exhibited improvement with his symptoms when attending physical therapy sessions as prescribed[.]" *Id.* As the magistrate judge correctly stated, "plaintiff is essentially asking the Court to reweigh the evidence, which it cannot do, even if it believes the evidence weighs against the commissioner's decision." Rec. Doc. 26 at 12 (citation omitted).

New Orleans, Louisiana, this 26th day of September, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE